**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**DESEAN WOOTEN**
           **Plaintiff,**

    **v.**                                          **CIVIL ACTION NO. 16-11642-DJC**

**DR. KAHN**
           **Defendants.**

**MEMORANDUM AND ORDER**

**CASPER, D.J.**                                                                       September 22, 2016

For the reasons stated below, plaintiff shall be Ordered to: (1) pay the filing fee or file a motion for leave to proceed without prepayment of the filing fee; and (2) file an amended complaint that complies with the Federal Rules of Civil Procedure. Plaintiff's request for appointment of counsel will be denied without prejudice.

**I.**    **Background**

On August 5, 2016, *pro se* prisoner plaintiff Desean Wooten, an inmate at Bridgewater State Hospital, filed a self-prepared letter-complaint against Dr. Kahn. Plaintiff claims that in November 2015 after suffering an "emotional meltdown," he intentionally injured himself and perforated his bowel. As a result, plaintiff has undergone significant medical treatment and claims that Dr. Kahn has violated his civil rights by failing to provide appropriate medical treatment for this injury while incarcerated.

Plaintiff apparently seeks damages and equitable relief, but is unsure of how to proceed because he is unfamiliar with legal procedures. Plaintiff seeks appointment of counsel, and has failed to pay the filing fee or submit a motion to proceed *in forma pauperis*.

**II.**     **Discussion**

   **A.**   **Plaintiff Must Pay the Filing Fee or File a Motion to Proceed without Prepayment of the Fee**

Plaintiff has failed to pay the filing fee or file a motion to proceed without prepayment of the filing fee.  Accordingly, plaintiff shall either pay the $400 filing fee or file a motion to proceed without prepayment of the fee.  See 28 U.S.C. § 1915(a).  Plaintiff is reminded that along with his motion for prepayment of the fee he must file a certified copy of his prisoner account statement for the six months prior to the filing of this action.  See 28 U.S.C. § 1915(a)(2).

   **B.**   **Plaintiff must Amend his Complaint to Comply with the Basic Pleading Requirements of the Federal Rules of Civil Procedure**

Plaintiff's complaint is subject to screening pursuant to 28 U.S.C. § 1915A.  Plaintiff's has filed a letter complaint that fails to comply with the basic pleading requirements of the Federal Rules of Civil Procedure.  Before the case proceeds, the plaintiff must file an amended complaint that complies the Federal Rules of Civil Procedure within 28 days of the date of this Memorandum and Order.  The amended complaint must include, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)), such that the defendant is afforded a "meaningful opportunity to mount a defense." Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)).  "In a civil rights action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores PuertorriqueZos en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).  Although "the requirements of Rule 8(a)(2) are minimal. . .'minimal requirements are not tantamount to nonexistent requirements.'" Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513,

514 (1st Cir. 1988)).  The amended complaint must clearly identify the claims and relief the plaintiff seeks and provide sufficient factual basis for each of the elements of the claims that he asserts. While a pleading may include exhibits that are relevant to the claims, see  Fed. R. Civ. P. 10(c), use of exhibits does not excuse plaintiff of his responsibility to clearly set forth the relevant allegations in the body of the complaint.  The Court also notes the "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a).  And the claims in the amended complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Because an amended complaint completely supersedes the original complaint, plaintiff should repeat in his amended complaint any allegations in the original complaint that he wishes to be part of the operative complaint.  See Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008); Steele v. Turner Broadcasting System, Inc., 746 F. Supp. 2d 231, 235 (D. Mass. 2010) (Gorton, J.).  He may not, for example, incorporate by reference allegations from prior complaint into the amended complaint.

### C.  Plaintiff's Request for Appointment of Counsel is Denied Without Prejudice

*Pro se* litigants "possess neither a constitutional nor a statutory right to appointed counsel." Montgomery v. Pinchak, 294 F.3d 492, 498 (3rd Cir.2002); see also DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir.1991).  Presuming for the moment that plaintiff will seek to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(e)(1), the Court maintains broad discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Weir v. Potter, 214 F.Supp.2d 53, 54 (D. Mass. 2002).  The Court may request an attorney to represent a plaintiff if it finds that (1) the plaintiff is indigent and (2) exceptional circumstances exist such that the denial of counsel will result in a fundamental unfairness impinging on the party's due process

rights. DesRosiers v. Moran, 949 F. 2d 15, 23 (1st Cir. 1991). Even if plaintiff is indigent, he has not yet demonstrated "exceptional circumstances" that warrant appointment of counsel in this action. Rather, plaintiff's maintains he is unfamiliar with legal proceedings – a common issue among *pro se* prisoner litigants. Moreover, appointment of counsel is premature where the complaint will need to be amended. Accordingly, this request will be denied without prejudice to the plaintiff renewing the request.

### III. Conclusion and Order

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff shall within 28 days of the date of entry of this Order either pay the $400 filing fee or file a motion to proceed *in forma pauperis*. The Clerk shall provide a copy of the Application to Proceed Without Prepayment of Filing Fees to the plaintiff.

2. Plaintiff shall within 28 days of the date of entry this Order file an amended complaint that complies with the Federal Rules of Civil Procedure.

3. Plaintiff's request for appointment of counsel is DENIED without prejudice.

4. Failure to comply with this Order will likely result in dismissal of this action and further extensions are unlikely to be granted.

**So Ordered.**

                                       /s/ DENISE J. CASPER
                                       **UNITED STATES DISTRICT JUDGE**