UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DESEAN WOOTEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DR. KHALID KHAN, )<br>)<br>Defendant. )<br>) | Civil Action No.: 16-11642 |

## MEMORANDUM AND ORDER

**CASPER, J.**                                       **June 7, 2017**

### I. Introduction

Plaintiff DeSean Wooten ("Wooten") brings claims against Defendant Dr. Khalid Khan (spelled as Kahn in some pleadings) ("Khan"), alleging that Khan violated 28 U.S.C. § 1983 by failing to provide medical treatment to Wooten in violation of his Eighth Amendment rights. D. 5. Wooten also asserts a negligence claim against Khan. Id. Khan now moves to dismiss Wooten's complaint pursuant to Fed. R. Civ. P. 12(b)(6). D. 25.

### II. Standard of Review

The Court will grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint fails to plead sufficient facts that "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). When considering a motion to dismiss, the Court is tasked with "separat[ing] the factual allegations from the conclusory statements in order to analyze whether the former, if taken as true, set forth a 'plausible, not merely a conceivable, case for relief.'" Juárez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 276 (1st

1

Cir. 2013) (quoting Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011)). In conducting this examination, the court must not "attempt to forecast a plaintiff's likelihood of success on the merits," id. (internal quotation marks omitted), but instead "give the plaintiff the benefit of all reasonable inferences." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007) (citing Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999)).

When a plaintiff is *pro se*, the Court must apply a liberal reading to the complaint and hold *pro se* litigants to a less stringent pleading standard than that applied to lawyers. Kruskall v. Sallie Mae Serv., Inc., No. 15-cv-11780-DJC, 2016 WL 1056973, at *1 (D. Mass. Mar. 14, 2016) (citing Green v. Commonwealth of Mass., 108 F.R.D. 217, 218 (D. Mass. 1985)). A *pro se* plaintiff, however, must still comply with procedural and substantive law and "dismissal remains appropriate . . . when the complaint fails to even suggest an actionable claim." Overton v. Torruella, 183 F. Supp. 2d 295, 303 (D. Mass. 2001).

## III. Factual Background

The following factual summary is based upon the allegations in the amended complaint, D. 5, and are accepted as true for the consideration of Khan's motion to dismiss.

Wooten is an inmate at Bridgewater State Hospital ("BSH") where Khan serves as the head medical director in charge of medical operations involving prisoners. D. 5 ¶¶ 3-4. In November or early December 2015, Wooten had an "emotional meltdown" and injured himself by giving himself a perforated bowel. Id. ¶ 6. Thereafter, Khan neglected to treat Wooten's injuries and placed him a restricted cell. Id. It was not until Wooten developed a fever and was barely able to walk—roughly twenty-four hours later—that Khan sent Wooten to an outside hospital for medical treatment. Id. ¶¶ 6, 8. At the outside facility, Wooten remained emotionally distraught and refused treatment. Id. ¶ 8. The resulting infection was so severe, however, that he was sent to an outside

hospital a second time at which point he accepted treatment. Id. ¶¶ 8-9. Wooten remained at the outside hospital for treatment for roughly seven weeks. Id. ¶ 9. Upon his release from the outside facility in January 2016, Wooten was provided with a discharge summary plan and prescribed medications according to that plan. Id. ¶¶ 10, 12, 17. Khan, however, did not follow the discharge summary plan and did not provide Wooten with the prescribed medications in accordance with the plan. Id. ¶¶ 10, 12, 17. Thereafter, on September 22, 2016, Wooten had a second "emotional meltdown" as a result of the months of pain and suffering he experienced. Id. ¶ 14. This time, Wooten hurt himself again which ultimately led to an operation to remove a series of objects from his small intestine. Id.

## IV. Procedural History

Wooten instituted this action on August 5, 2016. D. 1. Khan has now moved to dismiss Wooten's amended complaint, D. 5. D. 25.

## V. Motion to Dismiss

### A. The Court Will Not Dismiss Wooten's Eighth Amendment Claim

Khan first asserts that Wooten has not alleged a cognizable Eighth Amendment violation for the medical treatment Wooten received from Khan. D. 25-1 at 2-3. The Eighth Amendment protection against cruel and unusual punishment shields prisoners from medical mistreatment or neglect for physical and mental health ailments. Feeney v. Corr. Med. Servs., Inc., 464 F.3d 158, 161 (1st Cir. 2006); Torraco v. Maloney, 923 F.2d 231, 234-35 (1st Cir. 1991). For medical treatment to offend the Constitution, the care must involve "acts or omissions sufficiently harmful to evidence deliberate indifference" to serious medical needs. Id. (quoting Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)) (internal quotation marks omitted). "To succeed on a claim of deliberate indifference based on inadequate or delayed medical care, 'a plaintiff must satisfy both a subjective

3

and objective inquiry'" in which he first establishes that the deprivation was sufficiently serious and then that the prison officials charged had a culpable state of mind as to the prisoner's medical need. Perry v. Roy, 782 F.3d 73, 78 (1st Cir. 2015). To fulfill the objective test, the plaintiff must establish that he had a serious medical need that was either diagnosed by a physician as mandating treatment or so obvious that a layperson would recognize the need for medical assistance. See Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990). To fulfill the subjective test, the plaintiff must demonstrate that these prison officials were deliberately indifferent; i.e., intentionally failed to provide or inadequately provided treatment. Perry, 782 F.3d at 79.

In the instant litigation, Khan argues that Wooten has not sufficiently alleged an Eighth Amendment violation because he alleges no more than disagreements over the appropriate course of treatment for his injuries as opposed to complete neglect to treat said injuries. D. 25-1 at 2-3. The First Circuit has held that "substandard care, malpractice, negligence, inadvertent failure to provide care, and disagreement as to the appropriate course of treatment are all insufficient to prove a constitutional violation" under the Eighth Amendment. Ruiz-Rosa v. Rullán, 485 F.3d 150, 156 (1st Cir. 2007). Indeed, allegations that simply reflect a disagreement as to the appropriate course of treatment like exercises of a medical professional's judgment fall short of stating a constitutional claim for relief. Feeney, 464 F.3d at 162 (citing Ferranti v. Moran, 618 F.2d 888, 891 (1st Cir. 1980)). Applied here, however, the complaint alleges more than just a disagreement between Khan and Wooten as to his medical treatment. First, Wooten alleges that after he sustained the first set of injuries where he perforated his own bowels in an act of self-injury, Khan provided no assistance and sent Wooten to a restricted cell where he went without treatment for at least twenty-four hours until his condition worsened such that he could barely walk and sustained a fever. D. 5 ¶¶ 6, 8. Although deliberate indifference "defines a narrow band of

4

conduct," a plaintiff can prove deliberate indifference when an official commits wanton decision-making to deny or delay care when that official had actual knowledge of impending harm that was easily preventable. Feeney, 464 F.3d at 162 (citing Watson v. Caton, 984 F.2d 537, 540 (1st Cir. 1993)). This is what Wooten alleges here. Any factual disputes, like whether the delay in treatment was objectively reasonable or whether Wooten suffered additional detrimental effects to his health because of the delay, are questions of fact not suitable for resolution at this time. See Perry, 782 F.3d at 79-80 (explaining that factual disputes regarding delay in treatment and the effects of that delay prevented granting summary judgment).

As Khan points out, D. 25-1 at 3, Wooten alleges that after he developed a fever in the restricted cell, he was sent to an outside hospital for treatment. This, however, does not compel the Court to dismiss this claim at this stage. As the First Circuit explained, simply because a prisoner eventually receives some treatment, including being transferred to a hospital, does not foreclose that his serious medical needs were ignored. Perry, 782 F.3d at 81. If the Court "were to accept this premise, no deliberate indifference case would ever go to trial so long as someone managed to take an inmate to the hospital right before he or she died, as we can easily presume serious medical conditions do not necessarily improve on their own over time" which is "precisely why the Constitution protects an inmate from a significant risk of future health harms." Id.

Wooten further alleges that the outside hospital that was treating Wooten prescribed him with medications as part of a discharge medical plan but that Khan did not provide Wooten with that medicine in conformity with the plan, leading to months of pain and suffering. D. 5 ¶¶ 9-13. Khan argues that he made a decision to lower Wooten's pain medication in his professional judgment about the appropriate course of treatment and thus such a decision cannot constitute an Eighth Amendment violation. D. 25-1 at 3. The complaint, however, does not characterize Khan's

5

actions as a decision to lower Wooten's pain medication. D. 5 ¶¶ 10-12, 17. Instead, the complaint alleges that Khan did not provide pain medication or other medication pursuant to the discharge plan even after Wooten raised a concern with this on multiple occasions. D. 5 ¶¶ 9-13, 17. Confining its inquiry to the complaint and the accompanying documents—as it must do at this time—the Court cannot conclude that these actions were necessarily the result of a dispute between Khan and Wooten as to the best course of treatment.

To the extent that Khan disputes his state of mind at the time of medical treatment either before or after Wooten was treated by an outside hospital, the resolution of such a factual dispute is better suited for a later stage in litigation. Inquiries into an individual's state of mind, such as the existence of deliberate indifference under the subjective prong of the Eighth Amendment test, usually present fact-based questions to be resolved by a factfinder. See Torraco, 923 F.2d at 234. Here, as explained, Wooten has alleged enough to survive motion to dismiss: he alleges that Khan neglected to provide him medical care upon injury and instead waited until Wooten's condition worsened until he could barely walk, and that Khan did not provide him with his prescribed medications after being released from the hospital even after Wooten brought the neglect to Khan's attention. See D. 5 ¶¶ 6-12, 16. That is, Wooten has alleged that Khan was deliberately indifferent because he has alleged that he made Khan aware of his injuries and pain and with that knowledge, Khan failed to provide Wooten with treatment. See Perry, 782 F.3d at 79.

For these reasons, the Court declines to dismiss Wooten's § 1983 claim that alleges an Eighth Amendment violation.

### B. The Court Will Not Dismiss Wooten's Negligence Claim

Khan also moves for dismissal of Wooten's negligence claim. D. 25-1 at 3-4.

Khan first contends that the Court should dismiss the negligence count on the basis that it should not exercise supplemental jurisdiction over this state law claim if it dismisses his federal § 1983 claim. Id. at 4. Here, however, the Court has no basis to dismiss Wooten's negligence claim for this reason because the Court has not dismissed Wooten's federal claim.

Kahn asserts that the negligence claim should be dismissed for the additional reason that Khan's refusal to send Wooten to the hospital immediately after he sustained a perforated bowel did not cause Wooten's injury. D. 25-1 at 3-4. Specifically, Khan argues that because Wooten refused treatment after being sent to the outside hospital for the first time, his allegations are too attenuated to show that Khan's actions caused Wooten's injury. Id. "Under Massachusetts tort law, a plaintiff in a medical malpractice suit bears the burden of proving by a preponderance of the evidence that a physician-patient relationship existed between the physician and the injured party, that the physician breached his or her duty of care, and that the breach was the proximate cause of the injury." Mitchell v. United States, 141 F.3d 8, 13 (1st Cir. 1998). Dismissal is not warranted here. First, Khan's argument does not address the possible negligence claim that arises from Khan's refusal to provide Wooten with his prescribed medications in accordance with the discharge plan. See D. 5 ¶¶ 10, 12. Second, this argument also falls short for dismissal of Wooten's negligence claim as to the failure to send Wooten to the hospital for the initial, perforated bowel injuries. See D. 5 ¶ 6. Generally, causation consists of questions of fact reserved for the factfinder. See Putnam Res. v. Pateman, 958 F.2d 448, 460 (1st Cir.1992) (noting that "[a]pplication of the legal cause standard to the circumstances of a particular case is a function ordinarily performed by, and peculiarly within the competence of, the factfinder") (internal quotation omitted). Where the complaint adequately alleges that the injuries were caused by

7

Khan's neglect, any factual dispute as to the proximate cause of Wooten's ailments is best left to summary judgment or trial.

Accordingly, the Court will not dismiss Wooten's negligence claim.

## VI. Conclusion

For these reasons, the Court DENIES Khan's motion to dismiss, D. 25.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge